IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

WILLIAM C. BOND,

    Plaintiff,

v.                        Civil Action No.: 1:15-00199-DAF

JOHNNY L. HUGHES, et al.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiff's motion to proceed in forma pauperis, (Doc. No. 2), defendant Hughes's motion to dismiss, (Doc. No. 7), and plaintiff's motion to expedite. (Doc. No. 13).  For good cause shown, plaintiff's motion to proceed in forma pauperis is **GRANTED.**  For the reasons that follow, defendant's motion to dismiss is **GRANTED**, plaintiff's motion to expedite is **DENIED** as moot, and plaintiff's complaint is **DISMISSED**.

**I.  Background**

Plaintiff filed the instant action seeking injunctive relief and "Qui Tam-style" relief against the United States Marshals Service and "Unknown Named Maryland U.S. Judges."  In his complaint, plaintiff alleges that members of the Marshal's Service allow certain unnamed defendant judges to use a gun

range located within the U.S. District Courthouse in Baltimore, Maryland. (Doc. No. 1 at 4). Plaintiff contends that this practice violates federal law and the separation of powers principles embodied in the Constitution. Id. at 5, 6. Plaintiff further contends that this course of conduct improperly provides the judicial branch with a benefit unavailable to members of the public. Id. at 6. Plaintiff requests an immediate, "permanent injunction against the illegal, unethical, and wrong use of the [United States Marshals Service's] gun ranges by and any all Maryland Article III, and associated, judges." Id. As part of plaintiff's qui tam claim, he seeks, on behalf of the United States government, "reimbursement associated with all costs regarding the misuse of the [United States Marshals Service's] gun ranges by Maryland Article III, and associated, judges going as far back as the law allows . . .". Id. at 7.

Defendant Hughes filed a motion to dismiss plaintiff's complaint, arguing that plaintiff cannot demonstrate the existence of subject-matter jurisdiction, preventing the court from adjudicating plaintiff's case.[1] Defendant Hughes further

---

[1] While counsel for defendant Hughes does not represent the "Unknown Named Maryland U.S. Judges," counsel represents and the court acknowledges that the arguments raised in defendant Hughes's motion to dismiss apply to all defendants. (Doc. No. 7, Exh. 1 at 1).

argues that, even if the court possessed jurisdiction to hear the action, plaintiff's complaint fails to state a claim upon which the court can grant relief.

**II.    Standard of Review**

    **A.    Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction tests whether the court has the authority to hear a case or controversy.  "Federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  Gill v. PNC Bank et al., Civil Action No. TDC-14-0677, 2015 WL 629004, at *3 (D. Md. Feb. 11, 2015) (quoting In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998)) (internal quotation marks omitted).  When a defendant alleges that a court does not possess subject-matter jurisdiction, the plaintiff bears the burden to demonstrate the existence of subject-matter jurisdiction.  See Richmond, Fredericksburg & Potomac R.R. Co. v. United States et al., 945 F.2d 765, 768 (4th Cir. 1991).  Questions of subject-matter jurisdiction concern a court's inherent power to adjudicate a case and, as a result, the court must resolve these questions before addressing the merits of a case or claim.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold

matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception.")(internal citation and quotation marks omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

Fundamentally, a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests whether a plaintiff's complaint satisfies Rule 8(a)'s liberal pleading requirements. Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2014). In deciding a motion to dismiss, the court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

Further, to survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In the instant case, the heightened pleading standards of Rule 9 apply to plaintiff's False Claims Act claim because it alleges fraudulent activity. The Federal Rules of Civil Procedure express a degree of skepticism toward claims of fraud. Under Rule 9(b), "special matters" such as fraud must be "stated with particularity." "[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Wright & Miller, Federal Practice & Procedure § 1297 at 590 (2d ed. 1990)). Complaints that fail to meet these heightened pleading requirements are subject to dismissal. Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 980 (4th Cir. 1990).

### III. Analysis

#### A. The Court's Subject-Matter Jurisdiction

Having reviewed plaintiff's complaint and defendant Hughes's motion to dismiss, the court finds that it cannot exercise subject-matter jurisdiction over the instant action and, therefore, it must be dismissed. As stated above, the court can only exercise jurisdiction in those specific instances outlined in the Constitution and by specific grant of federal law. As part of these limitations, Article III limits the

subject-matter jurisdiction of federal courts to "cases" and "controversies."  See Allen v. Wright, 468 U.S. 737, 750 (1984).

As part of the "cases" and "controversies" requirement, a plaintiff must demonstrate that he or she has standing to bring an action.  "The Supreme Court has made clear that standing is an essential and unchanging part of that case-or-controversy requirement, one that states fundamental limits on federal judicial power in our system of government."  Doe v. Obama, 631 F.3d 157, 160 (4th Cir. 2011) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Allen, 468 U.S. at 750) (internal quotation marks omitted).  To satisfy the standing requirement, a plaintiff must demonstrate:

> (1) that he has suffered an "injury in fact" that is (a) particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Doe, 631 F.3d at 160 (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000)).

Furthermore, a plaintiff cannot demonstrate standing by stating that he or she brings suit on behalf of the general public.  "Plaintiffs may not establish their standing to bring suit merely because they disagree with a government policy or because they share the 'generalized interest of all citizens in constitutional governance.'"  Moss et al. v. Spartanburg Cnty.

Sch. Dist. Seven, 683 F.3d 599, 604–05 (4th Cir. 2012) (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974)). As a result, a plaintiff may not predicate his standing to sue "upon an interest . . . which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." Raffety v. Prince George's Cnty. et al, 423 F. Supp. 1045, 1052 (D. Md. 1976) (quoting Schlesinger, 418 U.S. at 220) (internal quotation marks omitted).

Plaintiff's complaint does not evidence his standing to bring this action because he does not allege that he has suffered any injury as a result of the conduct for which he complains. He states plainly that he "brings this complaint . . . as a member of the public." (Doc. No. 1 at 3 n.1). Even taking all of his allegations as true, plaintiff has not established that any judicial officer's use of the United States Marshal's firing range has personally affected him. Plaintiff argues in his response that "the direct injury to [him] is real, as every litigant has a basic right to 'a neutral and detached judge.'" However, plaintiff does not describe any instance where he has experienced injury or even bias from a judge in this district as a result of any judicial officer's use of the Marshal's firing range. Because plaintiff has not demonstrated his standing to bring this suit, the court does not have

7

constitutional authority to adjudicate this matter. Consequently, the court must dismiss plaintiff's complaint.[2]

Furthermore, plaintiff may not bring a qui tam suit without representation. "A lay person may not bring a qui tam action under the False Claims Act." United States ex rel. Brooks v. Lockheed Martin Corp. et al., 237 F. App'x 802 (4th Cir. 2007) (citing United States ex rel. Lu v. Ou, 368 F.3d 773, 775–76 (7th Cir. 2004)). Because the United States "is the real party in interest, . . . the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits." Id. (citing United States ex rel. Milam v. Univ. of Tex., 961 F.2d 46, 50 (4th Cir. 1992)).

Plaintiff argues in his response that the court must appoint counsel for him, but the court does not find that his case necessitates such an order. Plaintiff does not have an absolute right to court-appointed counsel. Instead,

> [a] federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. The question of whether such circumstances exist in a particular case

---

[2] While defendants "Unknown Named Maryland U.S. Judges" have not entered an appearance in this action either pro se or through counsel, dismissal of this action is nevertheless appropriate. Courts have an inherent duty to analyze subject-matter jurisdiction to ensure its existence. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 92006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

> hinges on the characteristics of the claim and the litigant. When a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.

<u>Ravenell v. Corizon Med. Servs.</u>, Civil Action No. ELH-13-203, 2014 WL 470062, at *1 (D. Md. Feb. 5, 2014).

In light of plaintiff's claims and his extensive history of <u>pro</u> <u>se</u> representation in this district and in State court, the court finds that his circumstances do not present an exceptional case warranting court-appointed counsel. As described above, plaintiff has not demonstrated standing to bring this action and his complaint does not assert that he has suffered any personal injury as a result of the conduct alleged. Furthermore, plaintiff himself acknowledges that he is "a well known Maryland and federal court litigator, both through counsel and <u>pro</u> <u>se</u>." (Doc. No. 1 at 1). Plaintiff has capacity to present his case, but has no colorable claim. Taking into consideration the characteristics of the claims at issue in this case and plaintiff's characteristics as a litigant, the court cannot find that appointment of counsel is necessary. Accordingly, dismissal of his <u>qui</u> <u>tam</u> action is appropriate.

**B. Plaintiff's Claim for Injunctive Relief**

Plaintiff seeks a permanent injunction barring any judicial officers from using the Marshal's firing range, but his complaint does not state a claim for injunctive relief, either

9

preliminary or permanent. "[I]njunctive relief [i]s an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968 (1997) (per curiam)). To obtain a preliminary injunction, a plaintiff must establish each of the following factors: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quoting Winter, 555 U.S. at 20), vacated on other grounds, 130 S.Ct. 2371 (2010).

As explained above, plaintiff's complaint does not establish either of the first two elements. The court has determined that plaintiff's action cannot succeed on its merits because he does not have standing to bring this action. Further, the court has also determined that plaintiff's complaint fails to allege that he has suffered any injury as a result of the conduct he claims has taken place. As a result, he cannot establish a likelihood of success on the merits or that he himself is likely to suffer irreparable harm in the absence of an injunction. Because plaintiff cannot state a

claim for preliminary injunctive relief, it follows <u>a fortiori</u> that he cannot state a claim for permanent injunctive relief. <u>JW & JJ Entm't, LLC et al. v. Sandler</u>, Civil Action No. 8:13-cv-01609-AW, 2013 WL 5423985, at *12 (D. Md. Sept. 26, 2013). Accordingly, dismissal of his claim is appropriate.

Furthermore, plaintiff cannot seek injunctive relief through use of a criminal statute or regulation. In his complaint, plaintiff states that defendants' conduct is a violation of 18 U.S.C. § 1031 and C.F.R. § 2635.704. (Doc. No. 1 at 5). However, 18 U.S.C. § 1031 is a criminal fraud statute that does not allow a civil cause of action. <u>See</u> <u>El-Bey v. Rogalski</u>, No. GJH-14-3784, 2015 WL 1393580, at *3 (D. Md. Mar. 24, 2015) (citing <u>Taccino v. City of Cumberland, Md.</u>, No. 09-2703, 2010 WL 3070146, at *2 (D. Md. Aug. 5, 2010)). Similarly, 5 C.F.R. § 2635.704 does not create a private cause of action, either. The statute and regulation cited by plaintiff as the basis for injunctive relief do not allow a private citizen to bring suit against the government or its actors and, as a result, dismissal of plaintiff's claim for injunctive relief is appropriate.

### C. Plaintiff's False Claims Act Claim

Like his claim for injunctive relief, plaintiff's complaint fails to state a claim for relief under the False Claims Act. The test for False Claims liability is (1) whether there was a

false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the Government to pay out money or to forfeit moneys due (i.e., that involved a "claim"). <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 788 (4th Cir. 1999). Under the statute, a "claim" is a demand for money or property presented to an officer of the United States. See 31 U.S.C. § 3729(b)(2).

Even under Rule 8's more lenient pleading standard, plaintiff's complaint fails to state a claim under the False Claims Act. Plaintiff's complaint does not detail <u>any</u> claim made for payment. The failure to plead a core element of a claim necessitates dismissal. The same result flows from the more exacting standard of Rule 9, which requires plaintiff to provide significant details about the claims alleged: who made the claim, when it was made, to whom it was made, the amount of money or property claimed. Plaintiff's complaint does not include any such information, meaning the court must dismiss his claim.

In his response, plaintiff argues that he "has adequately alleged the existence of a fraudulent scheme under which <u>every</u> claim submitted by defendant Hughes regarding the subject gun range was false." (Doc. No. 11 at 12). This is simply not the case. To allege such a scheme, plaintiff's complaint would

12

necessarily allege that the firing range in its entirety, from its inception, was built for the sole purpose of allowing the Article III judges of the District of Maryland to use it. Plaintiff's complaint does not allege such an origin and, indeed, such an argument would strain credulity. With all of these considerations in mind, the court finds that plaintiff's complaint fails to state a claim for relief under the False Claims Act.

### D. Final Considerations

The court notes that plaintiff has objected to the United States Attorney's Office for the District of Maryland serving as counsel in this action. (Doc. Nos. 5, 11). Plaintiff argues that the United States Department of Justice is currently processing four Freedom of Information Act requests that he submitted, requests for information which relate directly to this action. (Doc. No. 11 at 3). Plaintiff further contends that the False Claims Act precludes the United States Attorney's Office from representing defendant Hughes because the Attorney General has an obligation to investigate such claims on the behalf of the United States. (Doc. No. 5 at 2).

Disqualification of an entire United States Attorney's Office is a drastic step that is only rarely necessary. See United States v. Hasarafally, 529 F.3d 125, 128 (2d Cir. 2008) ("While a private attorney's conflict of interest may require

disqualification of that attorney's law firm in certain cases, such an approach is not favored when it comes to the office of a United States Attorney."); Matter of Grand Jury Subpoena of Rochon, 873 F.2d 170, 176 (7th Cir. 1989) ("[D]isqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." (internal citations and quotation marks omitted)); United States v. Basciano, 763 F. Supp. 2d 303, 312 (E.D.N.Y. 2011) ("An entire U.S. Attorney's Office should only be disqualified, if ever, when special circumstances demonstrate that the interest of justice could only be advanced by this drastic remedy."); see also Farrell et al., Criminal Action No. 2:14-cr-00264, 2015 WL 3891640, at *13 (S.D.W. Va. June 24, 2015) (declining to disqualify United States Attorney's Office where members of the Office were among those affected by chemical spill allegedly caused by defendants).

Disqualification in this case is an unnecessarily extreme step, one that is unwarranted either to protect plaintiff or to prevent an appearance of impropriety. Plainly, the government has chosen not to intervene in this action. This choice does not prevent the government from defending one of its own actors against the same action. While another arm of the United States Department of Justice may be processing plaintiff's information requests, this does not necessarily present a conflict of

interest for the United States Attorney's Office.  Plaintiff has not alleged that he has experienced any delay with regard to these requests; instead, plaintiff himself acknowledges that two of these requests have been answered already.  (Doc. No. 13 at 1-2).  Upon review of these considerations, the court finds that disqualification of the entire United States Attorney's Office is unnecessary in this case.

Finally, the court denies plaintiff's request for alternative dispute resolution ("ADR").  Plaintiff requested ADR in his response to defendant Hughes's motion to dismiss and reiterated that request in a recent letter to the court.  (Doc. No. 11 at 14-6; Doc. No. 13 at 2).  Plaintiff contends that "ADR is the proper first step for this matter as the personalities involved on all sides have clouded any rational judgments toward resolution of the substantive issues raised in this action." (Doc. No. 13 at 2).  By this statement, whether intentionally or not, plaintiff himself acknowledges that ADR is not an appropriate mechanism for resolution of this case.  A successful ADR process necessarily includes parties who are willing to reach a mutually beneficial resolution.  If the parties are as "clouded" as plaintiff claims, referring them to ADR would not constitute an efficient use of the court's resources or the parties' collective time and effort.  Therefore, plaintiff's request for ADR is denied.

**IV.  Conclusion**

Accordingly, for the reasons herein stated, plaintiff's motion to proceed in forma pauperis, (Doc. No. 2), is **GRANTED**, defendant Hughes's motion to dismiss, (Doc. No. 7), is **GRANTED**, plaintiff's motion to expedite, (Doc. No. 13), is **DENIED** as moot, and plaintiff's complaint is **DISMISSED**.  The court **DIRECTS** the Clerk to remove this case from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

**IT IS SO ORDERED** this 24th day of November, 2015.

Enter:

_David A. Faber_
David A. Faber
Senior United States District Judge