IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,

      Plaintiff,

v.                              Civil Action No.: 1:15-00199-DAF

JOHNNY L. HUGHES, et al.

      Defendants.


## MEMORANDUM OPINION AND ORDER

Before the court is plaintiff's emergency motion for limited discovery in support of his forthcoming motion pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. No. 16).  For the reasons that follow, plaintiff's motion is **DENIED.**

Plaintiff filed the above action seeking injunctive relief and "Qui Tam-style" relief against the United States Marshals Service and "Unknown Named Maryland U.S. Judges."  In his complaint, plaintiff alleged that members of the Marshal's Service allow certain unnamed defendant judges to use a gun range located within the U.S. District Courthouse in Baltimore, Maryland.  (Doc. No. 1 at 4).  The court dismissed plaintiff's complaint on November 24, 2015, finding that plaintiff did not have standing to bring the suit, the court could not exercise subject-matter jurisdiction over the controversy and,

furthermore, plaintiff had not stated a claim for relief.  (Doc. No. 14).

Plaintiff now moves the court for limited discovery in support of a forthcoming motion pursuant to Federal Rule of Civil Procedure 59(e).  In support of his motion, plaintiff argues, for the first time, that defendants "'Unknown Named Maryland U.S. Judges' have been misusing the Maryland U.S. Marshals Service to surveil plaintiff since 2010, first in order to monitor plaintiff and to attempt to gain advantage in a federal lawsuit filed in the U.S. District Court for the District of Columbia."  (Doc. No. 16 at 2).  Plaintiff argues that he "requires the video and audio recordings in the possession of the Maryland USMS which were taken on Tuesday, September 29, 2015, at the Garmatz U.S. Courthouse" to support properly his forthcoming motion.  Id. at 3.  According to plaintiff, the information preserved on the recordings will support:  1) an admission that numerous judges have used the subject gun range; 2) attempts by the government to obstruct a witness; 3) attempts by the government to collude with Judge Motz and/or other judges "to criminally entrap" plaintiff; and 4) attempts by the government to intimidate plaintiff and to obstruct justice.  Id. at 3–4.

The court finds that plaintiff is not entitled to post-judgment discovery.  In virtually every case, post-judgment

discovery is reserved for those parties who, after succeeding on

the merits, have had difficulty enforcing a monetary award.  See

Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution,

the judgment creditor . . . may obtain discovery from any

person--including the judgment debtor--as provided in these

rules or by the procedure of the state where the court is

located."); see also Spencer v. Hill et al., Civil Action No.

PJM-06-2492, 2009 WL 2602348, at *3 (D. Md. Aug. 20, 2009);

United States v. McCarthy, No. 8:13-cv-03404-RWT, 2014 WL

4184993, at *2 (D. Md. July 31, 2014).  Plaintiff did not

succeed on the merits.  Instead, the court dismissed his case

because he does not have standing to bring it, the court cannot

exercise subject-matter jurisdiction over the case, and,

furthermore, because his complaint did not state any cause of

action.  As a result, he has no right to post-judgment

discovery.

     However, even if plaintiff did demonstrate such a right,

the court would nevertheless deny his request because the

discovery he seeks will not support a motion under Federal Rule

of Civil Procedure 59(e).  "Although Rule 59(e) does not itself

provide a standard under which a district court may grant a

motion to alter or amend a judgment," the Fourth Circuit

recognizes "three grounds for amending an earlier judgment:  (1)

to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Vance v. CHF Int'l et al., 914 F. Supp. 2d 669, 686 (D. Md. 2012) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins., 148 F.3d 396, 403 (4th Cir. 1998)) (internal quotation marks omitted). Of considerable import in this case, a party cannot use Rule 59(e) "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." Id. A court's reconsideration of a judgment after its entry is "an extraordinary remedy which should be used sparingly." Id.

The discovery plaintiff seeks in his motion consists entirely of information that was available to him prior to the court's dismissal of his case. Plaintiff seeks video and audio recordings, presumably from security cameras, taken at the federal courthouse in Baltimore on September 29, 2015. This court entered judgment dismissing his case on November 24, 2015. If plaintiff felt that the information contained on these tapes was as crucial as he now represents, it was his duty to obtain this information and supplement his pleading accordingly, before the court entered judgment. Notably, plaintiff moved the court on November 13, 2015 to expedite its consideration of his complaint and related motions. He made no mention of this

additional discovery at that time.  Plaintiff was aware of this
information since late September, but did not pursue it.  Rule
59(e) does not permit him to seek out this information at this
later date, information plaintiff was aware of prior to
judgment.

Furthermore, even if plaintiff was unaware of this
information prior to the court's entry of judgment, the
discovery would not support the court's reconsideration of his
case.  The court dismissed plaintiff's case for many reasons:
he does not have standing to bring it, he cannot bring a qui tam
suit as an unrepresented party, his complaint did not state a
claim for injunctive relief, and his complaint did not state a
claim for relief under the Federal Claims Act.  Even if the
video and audio recordings contain the information plaintiff
purports, this additional information will not change any of the
court's findings.  The information does not establish that
plaintiff has been harmed as a result of any federal judge's use
of the U.S. Marshal's gun range, it does not change his status
as an unrepresented party, and it does not change the
information plaintiff included in his pleadings such that it
would sufficiently state a claim for relief.  As stated above,
alteration of judgment under Rule 59(e) is an extraordinary
remedy and plaintiff's case is not one of those exceptional
cases which requires its use.

Accordingly, for the reasons herein stated, plaintiff's emergency motion for limited discovery in support of his forthcoming Rule 59(e) motion, (Doc. No. 16), is **DENIED**.  The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, <u>pro</u> <u>se</u>.

   **IT IS SO ORDERED** this 28th day of December, 2015.

                          Enter:

                          David A. Faber
                          Senior United States District Judge