IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,

    Plaintiff,

v.                              Civil Action No.: 1:15-00199-DAF

JOHNNY L. HUGHES, et al.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's motion to alter or amend the court's judgment.[1] (Doc. No. 17). For the reasons that follow, plaintiff's motion is **DENIED**.

**I.    Background**

Plaintiff filed the above action seeking injunctive relief and "Qui Tam-style" relief against the United States Marshals Service and "Unknown Named Maryland U.S. Judges." In his complaint, plaintiff alleged that members of the Marshals Service allow certain unnamed defendant judges to use a gun range located within the U.S. District Courthouse in Baltimore, Maryland. (Doc. No. 1 at 4). The court dismissed plaintiff's complaint on November 24, 2015, finding that plaintiff did not have standing to bring the suit, the court could not exercise subject-matter

---

[1] Plaintiff also filed a motion to supplement his Rule 59(e) motion. (Doc. No. 20). For good cause shown, the motion is **GRANTED**.

jurisdiction over the controversy and, furthermore, plaintiff had not stated a claim for relief.  (Doc. No. 14).

In his motion to alter or amend, plaintiff seeks vacation of the court's order dismissing Count II of his complaint, which sought relief under the False Claims Act ("FCA").[2]  (Doc. No. 17, Exh. 1 at 27).  Plaintiff reiterates his request for disqualification of the entire United States Attorney's Office for the District of Maryland and seeks an expedited scheduling order for the remainder of the case.  Id.  In support of his motion, plaintiff asserts a number of errors related to the court's dismissal of his FCA claim, as well as arguing that the court was required to remove the United States Attorney's Office from this action.  Id. at 5–26.  Plaintiff also filed a voluminous record of exhibits to accompany his motion.  (Doc. No. 17 at Exhs. 2–7).

Furthermore, plaintiff filed a supplement to his motion to alter or amend.  (Doc. No. 20).  In this motion, plaintiff argues that he has been subject to intimidation and pervasive bias for some time, (Doc. No. 20, Exh. 1 at 8–9), alleges "potential witness obstruction" by the United States Marshals Service, and

---

[2] The court also dismissed the first claim of plaintiff's complaint, seeking injunctive relief, because plaintiff did not have standing to bring such a claim.  (Doc. No. 14 at 5–11).  However, plaintiff's motion does not appear to seek alteration or modification of this portion of the court's ruling.

2

alleges ethical violations on the part of the United States Marshals Service and the Department of Justice.  Id. at 7, 12-3.

**II.  Standard of Review**

In his motion and supporting memoranda, plaintiff seeks to use Federal Rule of Civil Procedure 59(e) to alter or amend the court's ruling dismissing the second claim of his complaint. "Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment," the Fourth Circuit recognizes "three grounds for amending an earlier judgment:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Vance v. CHF Int'l et al., 914 F. Supp. 2d 669, 686 (D. Md. 2012) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins., 148 F.3d 396, 403 (4th Cir. 1998)) (internal quotation marks omitted).

However, a Rule 59(e) motion is not the proper mechanism to re-litigate those matters already decided.  11 Wright et al., Federal Practice & Procedure, § 2801.1 (3d ed.); see also In re. Reese, 91 F.3d 37, 39 (7th Cir. 1996) (Posner, C.J.) ("A motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him.") (internal citations and quotation marks omitted).  The grant of a Rule 59(e) motion is "an extraordinary remedy which should be

used sparingly." Id. In plaintiff's case, he asserts no change in controlling law and no new evidence unavailable previously.[3] As a result, plaintiff's only potential avenue for success is the third ground for amendment of an earlier judgment: to correct a clear error of law or to prevent a manifest injustice.

### III. Analysis

As defendant Hughes argues in his response to plaintiff's motion, the court addressed the substance of plaintiff's contentions in its denial of his motion for post-judgment discovery. (Doc. No. 18). Plaintiff raises few issues in his instant motion for alteration of judgment that the reasoning of the court's prior order does not address. However, in an effort to address plaintiff's many arguments, the court has reexamined his complaint and its dismissal in light of his subsequent filings. Upon this review, the court finds that alteration of the court's previous order dismissing plaintiff's complaint is unnecessary to correct a clear error of law or to prevent a manifest injustice.

#### A. Dismissal of Plaintiff's FCA Claim

The court dismissed plaintiff's complaint for a number of reasons, namely because plaintiff cannot seek relief under the

---

[3] While plaintiff proffers exhibits and evidence that he did not include in his earlier filings, the court finds that these do not relate to the court's reasoning in dismissing his complaint and, as a result, do not constitute new evidence previously unavailable to plaintiff.

FCA as a pro se complainant and because he failed to state a claim upon which relief can be granted. In his motion, plaintiff argues that the court clearly erred in these conclusions, offering a number of arguments against dismissal of his FCA claim.

### 1. Failure to State Claim

Despite plaintiff's arguments otherwise, his complaint did not state a claim upon which the court could grant relief. The test for FCA liability is (1) whether a false statement or fraudulent course of conduct occurred; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the Government to pay out money or to forfeit moneys due (i.e., that involved a "claim"). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 788 (4th Cir. 1999). Under the statute, a "claim" is a demand for money or property presented to an officer of the United States. See 31 U.S.C. § 3729(b)(2).

Further, a complaint that presents an FCA claim is subject to the heightened pleading standards of Rule 9 of the Federal Rules of Civil Procedure, because an FCA claim alleges fraud. Harrison, 176 F.3d at 784. To satisfy Rule 9(b), the party who asserts fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." United States ex rel. Wilson v. Kellogg Brown & Root,

Inc., 525 F.3d 370, 379 (4th Cir. 2008) (citation and internal quotation marks omitted).  One court has described this standard as "the first paragraph of any newspaper story":  the who, what, when, where, and how.  United States ex rel. Lusby v. Rolls-Royce Corp., 570 F.3d 849, 853 (7th Cir. 2009).  The court found that plaintiff's FCA claim did not detail any claim made for payment, an omission that required dismissal.  Nothing in plaintiff's filings necessitates reversal or reconsideration of this finding.

Plaintiff claims that the court erred by applying a heightened pleading standard to his FCA claim despite his pro se status, but this is not the case.  The court found that plaintiff's FCA claim failed under the pleading requirements of both Rule 8 and Rule 9.  (Doc. No. 14 at 12).  The court acknowledges that plaintiff proceeds pro se and, as a result, holds his filings to a less stringent standard if they were prepared by a licensed attorney.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, plaintiff's pro se status does not exempt him from following the Federal Rules of Civil Procedure.  Plaintiff's FCA claim fell short of both Rule 8 and Rule 9 because he did not identify anyone who knowingly presented a false, material claim for payment to the federal government, or when or how such a claim was made.

Plaintiff further complains that the court should have known that he was in possession of certain "gun range false billings"

after he filed his complaint.  Plaintiff has attached and summarized some of these documents in his filings related to his motion.  However, as plaintiff acknowledges, these "false billings" do not contain the name of the individuals who requested payment, information which is necessary to survive a motion to dismiss.[4]  The Federal Rules of Civil Procedure do not provide plaintiff with a mechanism to file a complaint lacking the basic essentials, then wait until he receives records to support his claims.  His complaint did not offer sufficient facts to survive a motion to dismiss and none of his later filings alter this conclusion.

## 2.   Appointment of Counsel

Plaintiff next contends that the court erred in failing to appoint counsel for him.  Plaintiff does not have an absolute right to court-appointed counsel.  Instead, a judge has discretion to appoint counsel where he or she finds exceptional circumstances.  Ravenell v. Corizon Med. Servs., Civil Action No. ELH-13-203, 2014 WL 470062, at *1 (D. Md. Feb. 5, 2014); see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

---

[4] Further, plaintiff acknowledges in his memorandum that "at no time, as of yet, has plaintiff believed that he was in total possession of a unified and coherent picture received via the FOIA [sic] of the entirety of the false billings on behalf of defendant Hughes in regard to the subject gun range."  (Doc. No. 17, Exh. 1 at 23) (emphasis in original).  It is precisely this "unified and coherent picture" that a plaintiff must present in his or her complaint in order to survive a motion to dismiss.

Plaintiff's case does not present exceptional circumstances and, as a result, the court exercised its discretion and did not appoint counsel to represent him. As plaintiff himself admitted, he sought representation but was unable to find an attorney who would take his case. (Doc. No. 11 at 10). While plaintiff argues that the nature of his case and defendants themselves are exceptional, the court disagrees.

The recusal of the sitting judges does not render this case exceptional, nor does the subject matter. While plaintiff did not name any of the defendant judges, each judge in this district could be considered a defendant to this action. It would be entirely improper for a judge to participate in a case where he or she was a defendant. Plaintiff initiated this litigation, accusing judicial misconduct. He cannot now argue that their subsequent, entirely appropriate recusal renders his case exceptional. The circumstances of plaintiff's action did not, and still do not, impose upon the court a responsibility to appoint counsel to represent him.

### 3. Pre-Dismissal Mandated Hearings and Attorney General Consent Under the FCA

Additionally, plaintiff argues that the FCA statutorily mandates hearings prior to dismissal of FCA actions and that the court erred in failing to hold one in this case. However, a hearing is required only when the government voluntarily

8

dismisses or settles an FCA action. See 31 U.S.C. §§ 3730(c)(2)(A), (B) (2012). The court dismissed plaintiff's complaint and, as a result, the statute did not mandate a hearing. Furthermore, Local Rule 105.6 states that, unless otherwise directed by the court, "all motions shall be decided on the memoranda without a hearing." The court was not required to hold a hearing in this matter and did not err by dismissing plaintiff's case without one.

Plaintiff also argues that the FCA requires the Attorney General's consent prior to dismissal. However, like § 3730(c), 31 U.S.C. § 3730(b) requires the Attorney General's assent to dismissal only in those cases dismissed by the parties' consent, rather than substantive dismissals by the court. Accordingly, the Attorney General's consent was unnecessary for the court to dismiss plaintiff's FCA claim.

### 4. Proper Filing of a Qui Tam Action

While the court dismissed plaintiff's complaint as deficient, it also recognizes that plaintiff attempted to seek qui tam relief without following the requirements of the FCA. Under 31 U.S.C. § 3730(b)(2), a party who files an action seeking qui tam relief must serve upon the government his or her complaint "and written disclosure of substantially all material evidence and information the person possesses" pursuant to

Federal Rule of Civil Procedure 4(d)(4).  Further, the complaint must be filed in camera and must remain under seal for sixty days.  While the court recognizes plaintiff's pro se status, as stated above, this status does not release plaintiff from his obligation to follow statutory dictates or the Federal Rules of Civil Procedure.

### B. Disqualification of the United States Attorney's Office

In his arguments against dismissal, plaintiff insisted that the court remove the United States Attorney's Office from defense of defendant Hughes.  The court found that plaintiff's complaint did not state a claim upon which relief could be granted and, as a result, dismissed his complaint.  Nevertheless, the court addressed plaintiff's demand that the court disqualify the United States Attorney's Office and found that, even if plaintiff stated a viable claim, disqualification was unnecessary and unwarranted.

A considerable number of the arguments, allegations, and exhibits that plaintiff offers in his motion to alter or amend the court's judgment and corresponding supplement address this finding.  However, this finding, as stated above, was not a core conclusion of the court's order dismissing plaintiff's complaint.  Even if the court credited all of plaintiff's arguments that the United States Marshals Service engaged in witness obstruction and attempted to entrap plaintiff, (Doc. No. 20, Exh. 1 at 7–8,

9-10), that plaintiff has been the subject of intimidation and pervasive bias, Id. at 8-9, and that the United States Attorney's Office engaged in fraud upon the court, Id. at 10-14, these arguments do nothing to change plaintiff's complaint. It was and remains deficient and the proper subject of dismissal.

### C.   Dismissal of "Unknown Named Maryland U.S. Judges"

Finally, plaintiff complains that "[t]he court was premature to dismiss the defendant 'Judges' before discovery." (Doc. No. 17, Exh. 1 at 26). However, plaintiff misconstrues the court's order. The court's order did not dismiss any party to this action, but instead, dismissed the action entirely, having concluded that the court cannot exercise subject matter jurisdiction over plaintiff's first claim for injunctive relief and because plaintiff failed to state an FCA claim. Accordingly, this argument lacks merit, as well.

### IV.   Conclusion

The grant of a motion pursuant to Rule 59(e) is an extraordinary remedy, one which is not required in this case either to correct a clear error of law or to prevent a manifest injustice. Plaintiff's motion and arguments in support thereof represent a clear attempt to relitigate those matters the court has already decided.

Accordingly, for the reasons herein stated, plaintiff's motion to alter or amend the court's judgment pursuant to Rule

59(e), (Doc. No. 17), is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

**IT IS SO ORDERED** this 8th day of April, 2016.

Enter:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge